Law Offices of Jason A. Steinberger, LLC
(JAS 6249)
Attorney for Plaintiff
910 Grand Concourse, Suite 1C
Bronx, NY 10451
(718)585-2833

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

FRANKLIN BOOKER

                        Plaintiff                              15 CIV

                -against-                                      COMPLAINT
                                                               WITH JURY DEMAND

CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER PAULA SERNA, SHIELD 11099 OF THE
MIDTOWN SOUTH PRECINCT DETECTIVE SQUAD,
NEW YORK CITY POLICE OFFICERS JOHN DOE
THOSE OFFICERS INVOLVED IN THE ARREST
OF FRANKLIN BOOKER (names and shield numbers of
whom are presently unknown) and other unidentified
members of THE NEW YORK CITY POLICE
DEPARTMENT,

                        Defendants
-----------------------------------------------------------------------X

Plaintiff, by and through his attorney, JASON A. STEINBERGER, Esq, for his complaint,
alleges upon information and belief as follows:

## INTRODUCTION

1.      Plaintiff FRANKLIN BOOKER brings this action against the City of New York,

New York City Police Department and Police Officers John Doe of the New York City Police

Department for damages arising from violation of Plaintiffs civil rights under color of state

action, Plaintiff's false arrest, false imprisonment, and other unconstitutional policies and

actions, and common law negligence claims arising out of an unlawful arrest, detention and

imprisonment by police on May 5, 2014.

## BASIS FOR JURISDICTION

2.      Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sec. 1983, and the common law.

3.      Plaintiff is a citizen of New York.  Each Defendant is, upon information and belief, a citizen or entity of New York State.  The amount in controversy, exclusive of interest, costs, and fees, exceeds $100,000.00.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1332, and 1343(a)(3) and 42 U.S.C. sec.1983.

5.      Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state claims against the Defendants for common law violations pursuant to 28 U.S.C sec. 1367 as the common law claims form part of the same case or controversy.

6.      Venue is proper in this district pursuant to 28 U.S.C. sec.1391.

## PARTIES:

7.      Plaintiff FRANKLIN BOOKER: The Plaintiff is a resident of the State of New York.

8.      Defendant CITY OF NEW YORK: The Defendant is a municipal corporation organized and existing under the laws of the State of New York, with a principal place of business located at 1 Centre Street, New York, New York.

9.      Defendant NEW YORK CITY POLICE DEPARTMENT:  The Defendant department is an agency created and maintained by the above municipal government.

10.     NEW YORK CITY POLICE OFFICER PAULA SERNA, SHIELD 11099 OF THE MIDTOWN SOUTH DETECTIVE SQUAD, ("SERNA") was and at all times relevant herein, an officer, employee and agent of the NEW YORK CITY POLICE DEPARTMENT. She is sued herein in her individual and official capacity.

11.     Defendant NEW YORK CITY POLICE OFFICERS JOHN DOE, THOSE INVOLVED IN THE ARREST OF FRANKLIN BOOKER ("DOES") (names and shield numbers of whom are presently unknown) and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT (the "Individual Defendants") are and were at all times relevant herein, officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT. The Individual Defendants are being sued herein in their in their individual and official capacities.

12.     At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.

## NOTICE OF CLAIM

13.     On or about May 18, 2015 notice required by Municipal Law 50-E was given to the City of New York and New York City Police Department, by personal service.  Said notice

set forth the facts underlying Plaintiff's claim against the City of New York, and its agents and employees. To date, no answer has been received by Plaintiff and no compensation has been offered by the City of New York or New York City Police Department.

## STATEMENT OF FACTS

14.     On April 20, 2014 at approximately 11:25 PM an individual known to the New York City Police Department was assaulted in the vicinity of 325 West 42 Street, New York County, NY.

15.     That at no time was Plaintiff involved in the aforementioned assault.

16.     That at no time on April 20, 2014 or after was Plaintiff identified by the victim as a participant or actor in the aforementioned assault at or near the scene of the incident.

17.     That at no time on or near April 20, 2014 did the victim identify Plaintiff as a participant or actor in the aforementioned assault by name.

18.     That SERNA recovered video surveillance of the assault.

19.     That despite there being video surveillance of the assault, Plaintiff was never identified by the victim at any time.

20.     That at no time was Plaintiff ever identified by the victim as a participant or actor in the aforementioned assault.

21.     That on May 5, 2014 at approximately 9:30AM in the vicinity 265 East 161 Street, Bronx County, Plaintiff was walking with his friend when SERNA, DOES and NEW YORK CITY POLICE OFFICERS stopped, searched, handcuffed and arrested Plaintiff.

22.     That at no time after being arrested on May 5, 2014 was Plaintiff ever placed in an identification procedure to determine whether the victim could identify him as a participant or actor in the aforementioned assault.

23.     That at no time whatsoever, was Plaintiff ever identified by an eye witness to the aforementioned assault as being a participant or actor in said assault.

24.     That after Plaintiff was transported to the Midtown South Precinct he was placed into a cell.

25.     That while inside of the Midtown South Precinct, Plaintiff was searched and that nothing of an illegal or unlawful nature was found.

26.     That after being held in a cell for several hours in the Midtown South Precinct, Plaintiff was removed to New York County Central booking located at 100 Centre Street, New York County, NY.

27.     That while at New York County Central Booking, Plaintiff was held in a cell with other males for several hours.

28.     that while at New York Central Booking, Plaintiff was subjected to harassment from the other male prisoners.

29.     That while at New York Central Booking, Plaintiff was denied access to a working bathroom.

30.     That on May 6, 2014, Plaintiffs was arraigned in New York County Criminal Court for Assault in the First Degree.

31.     That at the time of the arraignment, Plaintiff had bail set and he was transported to a New York City Correctional Facility.

32.     That on May 9, 2014, Plaintiff was released from the custody of the New York

City Correctional Facility because there was insufficient evidence to connect Plaintiff the assault
that occurred on April 20, 2014.

33.     That on and between May 9, 2014 and December 11, 2014 Plaintiff made several
court appearances until the case was dismissed upon application of the New York County
District Attorney on December 11, 2014.

34.     Upon information and belief, the CITY OF NEW YORK permitted and tolerated
the unreasonable detention and wanton indifference to and deliberate disregard for the statutory
and constitutional rights of Plaintiff by permitting arrests without proper identification.

35.     That the CITY OF NEW YORK permitted and tolerated the unreasonable
detention of Plaintiff without there being any identification of him as being a participant or actor
in the assault that occurred on April 20, 2014.

36.     As of the date of this incident, defendant CITY OF NEW YORK has failed to
implement procedures which were known to defendants that would have eliminated the policy of
simply relying on a person's name and date of birth in determining whether a warrant did or did
not belong to a person in police custody.

37.     Defendants' failure to take such measures, was and is unreasonable conduct and
violative of Plaintiff's civil rights as guaranteed by the New York State and United States
Constitution.

38.     The actions and conduct herein arose from a policy, practice and/or custom in
which CITY OF NEW YORK  knew that the manner in which officers under their control and
tutelage were violating citizens' rights in a wholesale fashion in increasing frequency.

39.     The actions and conduct herein further arose from a policy, practice and/or
custom, in which defendants, THE CITY OF NEW YORK failed and refused to

properly train and supervise police officers with regard to the manner in which they restrict the liberty of law abiding citizens.

40.     The violation of Plaintiff's civil rights by SERNA and DOES was far in excess of their rightful authority as NEW YORK CITY POLICE OFFICERS.  Those violations on Plaintiff were made without proper cause.

41.     The false arrest, false imprisonment and humiliation and embarrassment of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

## AS AND FOR A FIRST CAUSE OF ACTION

42.     Plaintiff repeats all allegations contained in paragraphs "1" through "43" inclusive with the same force and effect as though more fully set forth herein again at length.

43.     The defendant's actions as alleged herein were committed under color of law.

44.     The actions, conduct and policies, practices and/or customs of defendants as alleged herein violated plaintiff's rights to be free of an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution and to be free of a deprivation of liberty under the Fourteenth Amendment to the United states Constitution and the Civil Rights act of 1871, Title 42 U.S.C. §1983.

45.     That Plaintiff was stopped and searched for no reason whatsoever.

46.     That prior to being stopped and searched, Plaintiff was never identified by anyone as having committed a crime.

47.     That Plaintiff was not in possession of anything of an illegal nature.

48.     That Plaintiff was arrested without anyone having identified him as having

committed any crime.

49.   As a result of the acts alleged herein, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars..

## AS AND FOR A SECOND CAUSE OF ACTION

50.   Plaintiff repeats all allegations contained in paragraphs "1" through "49" inclusive with the same force and effect as though more fully set forth herein again at length.

51.   Defendants, their agents, servants and employees were reckless, incompetent, and negligent and acted unreasonably and in bad faith in their unlawful detention and seizure of Plaintiff.

52.   That at no time before Plaintiff was detained and arrested was he ever identified to SERNA, DOES or NEW YORK CITY POLICE OFFICERS as having committed a crime.

53.   That Plaintiff was detained and arrested without any legitimate or lawful basis for him to be arrested.

54    That at no time after Plaintiff was arrested was he placed in an identification procedure.

55.   That at no time after Plaintiff was arrested was he identified to SERNA, DOES or NEW YORK CITY POLICE OFFICERS Plaintiff as having committed a crime.

56.   Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

57.   As a result of defendants' actions, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

58.     Plaintiff repeats all allegations contained in paragraphs "1" through "57" inclusive with the same force and effect as though more fully set forth herein again at length.

59.     Defendants' acts in the touching and restraint of plaintiff were willful and malicious with the intent of causing or threatening to cause plaintiffs bodily harm.

60.     Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

61.     As a result of defendants' actions, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

62.     Plaintiff repeats all allegations contained in paragraphs "1" through "61" inclusive with the same force and effect as though more fully set forth herein again at length.

63.     During the course of defendants' actions, Defendants intentionally and maliciously forcibly restrained and detained plaintiff and prevented his form moving of his own free will.

64.     Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

65.     As a result of defendants' actions, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

66.     Plaintiff repeats all allegations contained in paragraphs "1" through "65" inclusive

with the same force and effect as though more fully set forth herein again at length.

67.     THE CITY OF NEW YORK and its employees, servants and/or agents acting within the scope of their employment did negligently hire, train and supervised defendants SERNA, DOES and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT, who were unfit for the performance of police duties on and between April 20, 2014 and December 11, 2014.

68.     Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

69.     As a result of defendants' actions, plaintiff has been damaged in a sum of not less than One Million ($1,000,000.00) Dollars.


## JURY DEMAND

70.     Plaintiff hereby demands trial by jury of all issues properly tribal thereby.


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

1.   This Court issue a declaration that defendants have violated the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights act of 1871, Title U.S.C. §1983; and

2.   That the jury finds and the Court adjudge and decree that Plaintiff, FRANKLIN BOOKER, shall recover compensatory damages in the sum of not less than One Million ($1,000,000.00) Dollars against all defendants jointly and severally.

3.   Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983; and

4.      Require the Defendants to pay Plaintiff punitive damages; and

5.      Order any other relief the Court deems appropriate.


Dated: July 1, 2015


                                Law Offices of Jason A. Steinberger, LLC

                                Jason A. Steinberger, Esq.
                                (JAS 1019)
                                Attorney for Plaintiff
                                FRANKLIN BOOKER
                                910 Grand Concourse, Suite 1C
                                Bronx, NY 10451
                                (718) 585-2833

Case Number:  CIV
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**FRANKLIN BOOKER**
                    Plaintiff

-against-

**CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER PAULA SERNA, SHIELD 11099 OF THE MIDTOWN SOUTH PRECINCT DETECTIVE SQUAD, NEW YORK CITY POLICE OFFICERS JOHN DOE, THOSE OFFICERS INVOLVED IN THE ARREST OF FRANKLYN BOOKER (NAMES AND SHIELD NUMBERS OF WHOM ARE PRESENTLY UNKNOWN) AND OTHER UNINDENTIFIED MEMBERS OF THE NEW YORK CITY POLICE DEPARTMENT**
                    Defendant.

---

## SUMMONS AND COMPLAINT

---

**LAW OFFICES OF JASON A. STEINBERGER, LLC**
910 Grand Concourse, Suite 1C
Bronx, NY 10451

---

To:
Attorney (s) for Defendant(s)

---

Service of a copy of the within                                          is hereby admitted.

Dated:                                    _____
                                          Attorney(s) for

---

**PLEASE TAKE NOTICE**
☐                         that the within is a (certified) true copy of
☐                         entered in the office of the clerk of the within named Court on
**NOTICE**
**OF ENTRY**

☐                    that an Order of which the within is a true copy will be presented for settlement to the Hon.
**NOTICE OF**                              once of the Judges of the within named Court,
**SETTLEMENT**   at
                 **on**                    **200**      **, at**              **m.**

**Dated:**

                                   **JASON A. STEINBERGER, ESQ.**
                                   **910 Grand Concourse, Suite 1C**
                                   **Bronx, NY 10451**

**To:**
**Attorney(s) for**